Monica McCabe
mmccabe@phillipsnizer.com
Elizabeth A. Adinolfi
eadinolfi@phillipsnizer.com
Phillips Nizer LLP
666 Fifth Avenue
New York, New York 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

DAVID ARIFEE,

                   Plaintiff,

           - against -

PALACE ON BROADWAY, INC., d/b/a "PALACE
FRIED CHICKEN AND PIZZA", SAINT GEORGE OF
ROCKAWAY INC., d/b/a "PALACE ON FULTON
FRIED CHICKEN & PIZZA", MOJAHED ALRADI
HAMID,

                   Defendants.

-------------------------------------------------------------------------- X

Civil No.

**COMPLAINT AND
JURY DEMAND**

For his Complaint against Defendants, Palace On Broadway, Inc., d/b/a "Palace Fried

Chicken and Pizza", Saint George of Rockaway Inc., d/b/a "Palace on Fulton Fried Chicken &

Pizza", Mojahed Alradi Hamid ("Defendants"), Plaintiff, David Arifee, by his attorneys, Phillips

Nizer LLP, hereby states and alleges as follows:

## PARTIES

1.     Plaintiff David Arifee is a resident of the State of New York, residing at 260-17

69 Avenue, Floral Park, New York 11004.

1283599.3

2. Upon information and belief, Defendants Mojahed Alradi Hamid and Palace Fried Chicken and Pizza have a principal palace of business at 48-12 Broadway, Woodside, New York 11103. Defendant Hamid also owns Saint George of Rockaway, Inc., which operates a restaurant known as Palace on Fulton Fried Chicken and Pizza, with a principle place of business at 1882 Fulton Street, Brooklyn, New York 11233.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the laws of the State of New York.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), and 1367.

5. Venue is proper in this district pursuant to § 1391(b) because Defendants' principal place of business is in this district and because Defendants committed one or more acts of trademark infringement in this district.

## PLAINTIFF'S TRADEMARKS

6. Defendant owns and operated restaurants specializing in fried chicken as well as other "fast food" foods such as burgers, cheese steak sandwiches, and at one location, pizza.

7. Arifee is the sole owner of the trademark "PALACE FRIED CHICKEN", which he registered with the United States Patent and Trademark Office on January 31 , 2006, Registration No. 3,055,055. Annexed hereto as Exhibit A is a true copy of Arifee's registration for "Palace Fried Chicken" ("the Mark").

8. The Mark is of great and incalculable value to Plaintiff, is highly distinctive and has become associated in the public mind with restaurant services of the highest quality and reputation originating with Plaintiff.

2

1283599.3

9. Plaintiff's extensive use of the Mark in commerce has caused the public to associate services bearing the PALACE FRIED CHICKEN mark with Plaintiff and Plaintiff alone.

10. As a result of Plaintiff's long-standing promotion and use of the Mark, the Mark is a highly valuable asset of Plaintiff and represents substantial goodwill. The Mark is inherently distinctive, has acquired distinctiveness and is well known.

11. Plaintiff Arifee owned and operated restaurants using the Mark as far back as 1989. He currently owns and operates Palace 11106 Corp., d/b/a "Palace Fried Chicken", located at 21-02 36th Avenue, Long Island City, NY 11106; and E & Z Food Corp., d/b/a "Palace Fried Chicken" located at 104-02 Jamaica Avenue, Richmond Hill, NY 11418.

## DEFENDANTS' INFRINGING CONDUCT

12. On February 2, 2015, a customer asked Arifee if he had opened another restaurant in Queens, which he had not.

13. On information and belief, on or before December 12, 2014, long after Plaintiff had prominently used and promoted his Mark, Defendants intentionally adopted the almost identical name PALACE FRIED CHICKEN & PIZZA which they use for identical restaurant services without Plaintiff's authorization or consent.

14. Arifee investigated and learned, upon information and belief, that Defendant Hamid was operating a restaurant at 48-12 Broadway, in Woodside, Queens, named "Palace Fried Chicken and Pizza".

15. Upon information and belief, Defendants also operate a second restaurant "Palace on Fulton Fried Chicken & Pizza", located at 1882 Fulton Street, Brooklyn, NY 11233, using a name that is confusingly similar to Plaintiff Arifee's Mark.

1283599.3

16.    Plaintiff also owns a distinctive castle logo ("the Castle Logo") which Defendants also copied and used in a similar fashion to Plaintiff's use. See Exhibit B.

17.    Defendants provide their services to many of the same customers and through the same channels of trade that Plaintiff promotes its services under the PALACE FRIED CHICKEN Mark using the Castle Logo.

18.    Defendants' use of the term PALACE FRIED CHICKEN for restaurant services, and their use of the Castle Logo, has caused and is is likely to continue to cause confusion or misunderstanding on the part of current and potential customers and consumers as to the affiliation, connection or association or certification by Plaintiff of Defendants' goods and services. In fact, Plaintiff is aware of several instances of actual confusion.

19.    Defendants have unjustly reproduced and imitated Plaintiff's Mark and Castle Logo without consent.

20.    In addition to verbally informing Defendants of their infringement, Plaintiff sent Defendants a cease and desist letter via certified mail on February 20, 2015, giving Defendants actual notice of his prior rights in and to the PALACE FRIED CHICKEN mark and further demanded that Defendants cease all use of the PALACE FRIED CHICKEN mark or any similar term. It stated that the virtually identical terms used by Defendants were confusingly similar to Plaintiff's Mark. Attached hereto as Exhibit C is a true copy of the Cease and Desist letter. No response was received by Plaintiff.

21.    Defendants continue to use PALACE FRIED CHICKEN and to infringe intentionally Plaintiff's Mark despite receiving actual notice of Plaintiff's incontestable prior rights in and to the Mark.

4

1283599.3

## COUNT I

### (Lanham Act – Trademark Infringement of Federally Registered Trademark; 15 U.S.C.§§ 1051 *et seq.*)

22. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 21.

23. This count arises under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

24. Plaintiff has built public recognition in its Marks as trademarks under which it does business in interstate commerce.

25. Defendants' use of the mark is likely to cause confusion, mistake and deception among the public as to the affiliation, connection or association of Defendants with Plaintiff.

26. Defendants have intentionally infringed, and will continue to intentionally infringe upon Plaintiff's Mark.

27. By reason of Defendants' acts alleged herein, Plaintiff has suffered and will suffer damage to its business identity, reputation and goodwill.

28. Defendants' will continue to do the acts complained of herein, all to Plaintiff's irreparable damage, unless restrained and enjoined by this Court. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the threatened injuries.

29. Plaintiff is further entitled to recover treble the damages it has, and will continue to, sustain as a result of the Defendants' misleading and deceptive practices including, but not limited to, all of Defendants' profits as a result of the Defendants' misleading and deceptive practices, and Plaintiff's attorneys' fees and costs.

1283599.3

## COUNT II

### (False Designation of Origin under 15 U.S.C. § 1125(a))

30. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 29.

31. Defendants' use of the PALACE FRIED CHICKEN designation is a false description and representation that its services are sponsored by or affiliated with Plaintiff. Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used in connection with their services false designations of origin and false descriptions or representations tending to falsely describe or represent the same.

32. Plaintiff believes that he is likely to be irreparably harmed by such false descriptions and representations by reason of the likelihood that present and potential customers and consumers will be confused, mistaken and deceived as to the true source, sponsorship or affiliation of Defendants' services.

33. On information and belief, Defendants' use and continued use of the PALACE FRIED CHICKEN designation has been intentional and willful and for the purpose and intent of deceiving others with respect to the source, origin, sponsorship or affiliation of Plaintiff's services and his relationship to the Defendants.

34. Unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's Mark and irreparably injure and damage Plaintiff's reputation. No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to preliminary and permanent relief.

35. Defendants' continued use of the term PALACE FRIED CHICKEN has damaged and will continue to damage Plaintiff's business, reputation and goodwill, resulting in lost

1283599.3

profits. Plaintiff is entitled to Defendants' profits pursuant to 15 U.S.C. § 1117(a). Plaintiff's damages as a result of the Defendants' actions are indeterminate at the present time.

## COUNT III

### (Common Law Trademark Infringement and Unfair Competition)

36.     Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 35.

37.     Plaintiff adopted the PALACE FRIED CHICKEN mark to identify his restaurant services. The trademark serves to designate the source and origin of Plaintiff's services to the consuming public. Through Plaintiff's efforts, the Mark has become closely identified by the public with Plaintiff.

38.     Plaintiff also adopted the Castle Logo to identify his restaurant services. The Castle Logo serves to designate the source and origin of Plaintiff's services to the consuming public. Through Plaintiff's efforts, the Castle Logo has become closely identified by the public with Plaintiff.

39.     On information and belief, Defendants have been and will continue to "pass off" their services as those of Plaintiff.

40.     Defendants' foregoing acts, practices and conduct constitute intentional and willful infringement of Plaintiff's common law rights in and to his Mark and Castle Logo, and are likely to confuse and mislead the public regarding the affiliation, the connection or association, certification or approval of Defendants' business activities.

41.     As a direct and proximate result of Defendants' acts, practice and conduct, Plaintiff has been harmed and is likely to be substantially injured in his business, including goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill and reputation.

7

1283599.3

42.    The injury to Plaintiff is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for his injuries and Plaintiff lacks an adequate remedy at law.

43.    Unless enjoined by the Court, Defendants will continue to engage in trademark infringement and unfair competition by its unauthorized use and infringement of the Mark and Castle Logo, all to the irreparable injury of Plaintiff. This threat of further injury to the business identity, goodwill and reputation of Plaintiff requires injunctive relief to prevent Defendants' continued unfair competition and to ameliorate and mitigate injury to Plaintiff.

## COUNT IV

### (Violation of Section 360-l of the New York General Business Law)

44.    Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 43.

45.    Plaintiff's Mark is distinctive and has acquired secondary meaning in the marketplace.

57.    Defendants' use of the Mark has blurred the selling power of the marks, tarnished and reduced the Mark's reputation and standing in the eyes of consumers as identifiers of Plaintiff's products, and diminished the Mark's ability to serve as source and product identifiers.

58.    Defendants' conduct violates Section 360-l of the New York General Business Law.

59.    As a direct and proximate result of Defendants' willful and wanton acts and conduct, Plaintiff has been injured and will continue to suffer irreparable injury to his business and reputation unless Defendants are restrained by this Court from further use of the Mark, and the other wrongful conduct in connection with the Mark set out above.

8

1283599.3

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, David Arifee, respectfully prays that this Court:

(1)    That the Court enter a judgment against Defendants determining:

(a)    that Defendants have willfully infringed Plaintiff's rights in the federally registered trademark PALACE FRIED CHICKEN under 15 U.S.C. § 1114;

(b)    that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Plaintiff as defined in 15 U.S.C. § 1125(a);

(c)    that Defendants have engaged in unfair competition in violation of the common law of New York to the injury of Plaintiff;

(d)    that Defendants have engaged in trademark dilution in violation of Section 360-l of the New York General Business Law; and

(g)    that Defendants have otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

(2)    That the Court issue permanent injunctive relief against Defendants, and that Defendant, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)    imitating, copying, or making any other infringing use or providing services bearing Plaintiff's Mark, including but not limited to PALACE FRIED CHICKEN and/or the Castle Logo;

(b)    providing, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any services bearing

any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's Mark and/or the Castle Logo ;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered Mark and/or the Castle Logo in connection with the provision, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any services not authorized or licensed by Plaintiff;

(d)     using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that services have been provided, offered, circulated, sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

(e)     engaging in any other activity constituting an infringement of Plaintiff's Mark and/or the Castle Logo, or of Plaintiff's rights in, or right to use or to exploit his Mark and/or the Castle Logo; and

(f)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3)     That the Court order Defendants to pay Plaintiff's damages as follows:

(a)     Plaintiff's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), for Defendants' willful violation of Plaintiff's registered trademark; and

(b)     Plaintiff's damages and Defendants' profits pursuant to common law.

(4)     That the Court order Defendants to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(5) Award Plaintiff such other relief as it deems just and proper.

10

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial

by jury in this action of all issues so triable.

Dated:   New York, New York
         July 26, 2016

                                        Respectfully Submitted,


                                        By: /s/ Monica McCabe
                                            Monica McCabe
                                            Elizabeth A. Adinolfi
                                        Phillips Nizer LLP
                                        666 Fifth Avenue
                                        New York, New York 10103
                                        Telephone (212) 977-9700
                                        Telecopier (212) 835-6001

                                        Attorneys for Plaintiff,
                                        David Arifee

1283599.3